IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **THOMAS SCARBOROUGH,** | |
| *Plaintiff*, | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:24-cv-00092-TES** |
| **UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | |
| *Defendants*. | |

## ORDER GRANTING MOTION TO DISMISS

On March 14, 2024, Plaintiff Thomas Scarborough filed a Complaint [Doc. 1] against Defendants the United States of America and the United States Department of Veterans Affairs ("VA"), alleging a claim for personal injury based on premises liability for an incident that occurred at the VA building in Macon, Georgia, on August 27, 2021. [Doc. 1, ¶¶ 1, 7, 12].

Between the date of filing this action and August 2, 2024, Plaintiff never produced evidence showing that he properly served either Defendant. And, since he filed this case on March 14, the allotted 90 days for service expired on June 12, 2024. *See* Fed. R. Civ. P. 4(m), *in connection with* [Doc. 1]. So, the Court issued an Order to Show Cause [Doc. 6] instructing Plaintiff to "**SHOW CAUSE** why his claims should not be

dismissed for its failure to comply with Rule 4 and its 90-day service deadline." [Doc. 6, p. 3]. Plaintiff filed two responses. In his first response, Plaintiff outlined his attempts at serving the United States Attorney for the Middle District of Georgia. [Doc. 9, p. 3]. As explained, Plaintiff attempted to serve the United States Attorney twice in March 2024 and again on or about June 17, 2024. *See* [Doc. 2]; [Doc. 3]; [Doc. 4].

However, it appears that the United States Attorney's Office couldn't accept any of the three attempts. *See* [Doc. 5, p. 1]. On the first two attempts, Plaintiff neglected to include a summons directed to the United States Attorney's Office, and on the third attempt, Plaintiff improperly addressed the summons—not to mention he tried to serve it well past the 90-day deadline. *See* [Doc. 2, p. 1]; [Doc. 3, p. 1]; [Doc. 4, p. 1]; [Doc. 5, p. 1]. On June 25, 2024, Assistant United States Attorney Bowen Shoemaker[1] sent a letter to Plaintiff's attorney informing him of the three improper service attempts.[2] *See* [Doc. 5, pp. 1–2]. After this final attempt, Plaintiff argues that he "cured this matter and received no further notices from the United States Attorney and received verbal confirmation that service was perfected upon this Defendant prior to July 29, 2024." [Doc. 9, pp. 3-4]. Plaintiff also admitted that "there was an issue with the timeliness of perfecting service

---

[1] Ms. Shoemaker serves as the Chief of the Civil Division for the office of the United States Attorney for the Middle District of Georgia.

[2] Ms. Shoemaker's letter also reminded Plaintiff's counsel that after the first two improper attempts, she called his firm and left a voicemail on April 24, 2024. [Doc. 5, p. 1]. However, she did not receive a return call until *six weeks later*—from a law clerk, whom she was able to direct to the requirements of Federal Rule of Civil Procedure 4. [*Id*.].

on the United States Attorney; it is irrefutable that July 29, 2024 was more than 90 days after this action was commenced, on March 14, 2024." [*Id.*].

In his second—or supplemental—response to the Court's show-cause order, Plaintiff stated that "[i]n the flurry of filings, rejections, notices, and corrections, Plaintiff inadvertently overlooked the fact that service . . . had not yet been perfected on the Attorney General for the United States, Merrick Garland." [Doc. 10, p. 3]. Plaintiff continued: "In a good-faith effort of transparency and disclosure, Plaintiff brings this oversight to the attention of this Honorable Court and respectfully requests additional time to have the Attorney General [s]erved." [*Id.*]. Plaintiff mailed a copy of the Complaint and Summons to the Attorney General on the same day he filed his Supplemental Response.

The United States responded by filing a Motion to Dismiss [Doc. 11], seeking dismissal on two grounds. First, the United States contends that the United States Department of Veterans Affairs is not a proper party in a claim brought under the Federal Tort Claims Act, 28 U.S.C. § 2671. [Doc. 11, p. 5]. Second, the United States seeks dismissal of all claims because Plaintiff failed to properly serve it under Rule 4(i). [*Id.*].

Following the United States' Motion to Dismiss, Plaintiff responded with a formal Motion to Extend Time to Serve Defendants [Doc. 12]. Plaintiff seeks an extension of time, arguing that "[a]s a result of the multiple rejections by the United States Attorney's office, Plaintiff inadvertently failed to mail service documents to the

United States Attorney General, Merrick Garland." [Doc. 12, p. 2].

<u>DISCUSSION</u>

The Court first addresses the United States' Motion as it relates to the Department of Veterans Affairs, and then considers the service-related arguments.

A.    <u>United States Department of Veterans Affairs</u>

The United States argues that the United States Department of Veterans Affairs is not a proper party to a FTCA suit. [Doc. 11, p. 5]. The Court agrees. Indeed, 28 U.S.C. § 2679(a) is clear that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency[.]" Put another way, "the FTCA authorizes suits against the United States, not its agencies." *Anderson v. United States*, No. 23-12023, 2024 WL 1923227, at *1 (11th Cir. May 1, 2024); *Besada v. U.S. Citizenship & Immigr. Servs.*, 645 F. App'x 879, 880 (11th Cir. 2016); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause.").

There can be no question that Plaintiff brings his claim pursuant to the FTCA. *See* [Doc. 1, ¶ 2 ("This is a Federal Tort Claim Act claim brought pursuant to 28 U.S.C. §2671 et. seq.")]. Accordingly, the Court **DISMISSES** the United States Department of Veterans Affairs as a party to this action. *See Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) (holding that the district court properly dismissed all defendants that

were not the United States).

### B. **Improper Service**

To effect service of process, a plaintiff must—within 90 days of filing suit—serve a copy of the summons *and* complaint on each defendant in a manner consistent with the requirements of Federal Rule of Civil Procedure 4, unless the defendant waives service. *See* Fed. R. Civ. P. 4(c), (d), & (m). Additionally, serving the United States or any agency of it mandates complying with the additional requirements of Rule 4(i). *See* Fed. R. Civ. P. 4(i)(1) & (2). Where a plaintiff fails to timely perfect service of process, a court—on its own initiative after giving notice to the plaintiff, or upon a motion by a defendant—must either dismiss the claims against any non-served defendant without prejudice or extend the time for serving process. Fed. R. Civ. P. 4(m). To receive an extension of time to serve, a plaintiff must show "good cause for the failure." *Id.* "Good cause" exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007). Even in the absence of good cause, a court may extend the deadline in light of other circumstances—*e.g.,* the running of the applicable statute of limitations, prejudice, etc. *Id.*

Again, with March 14, 2024, as the filing date for Plaintiff's Complaint, Plaintiff had until Wednesday, June 12, 2024, to properly effectuate service on Defendants. No one—including Plaintiff—disputes that he blew past that deadline. The only real

question is whether good cause exists to extend the deadline, or if other circumstances advise against dismissal.[3]

Based on Plaintiff's responses, the Court concludes that Plaintiff has failed to show he had good cause, as defined above, to excuse his repeated and extended service failures. Indeed, Plaintiff's responses to the Court's Show Cause Order and the Government's motion to dismiss simultaneously admit fault and place the blame on nearly everyone else. *E.g.*, [Doc. 10, p. 3 ("In the flurry of filings, rejections, notices, and corrections, Plaintiff inadvertently overlooked the fact that service of had not yet been perfected on the Attorney General for the United States, Merrick Garland.")]; [Doc. 12, p. 2 ("*As a result of the multiple rejections by the United States Attorney's office*, Plaintiff inadvertently failed to mail service documents to the United States Attorney General, Merrick Garland.") (emphasis added)]. But Plaintiff's excuses do nothing more than offer explanations by counsel that are laced with "inadvertence or negligence," which is—by definition—not good cause.[4] *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017) ("Plaintiff's contention that the failure to serve defendants was a result

---

[3] Plaintiff briefly argues that the Court must allow sufficient time to cure under Rule 4(i)(4). But, as the United States correctly points out, Rule 4(i)(4) applies to "a plaintiff who fails to properly serve a United States agency or officer," not the United States. [Doc. 11, p. 9]; *Arellano v. Cnty. of San Diego*, No. 3:14-CV-2404-GPC-KSC, 2020 WL 6561357, at *3 (S.D. Cal. Nov. 9, 2020).

[4] The Court notes that Plaintiff never preemptively sought an extension of time. While it is true that he initially buried a request for more time in his supplemental response to the Court's Show Cause Order, he chose to wait until the service deadline passed and the United States filed its Motion to Dismiss before he formally sought an extension to serve the USA. That just doesn't cut it. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008); *Carter v. Kendall*, No. 5:23-CV-00210-TES, 2024 WL 289332, at *6 (M.D. Ga. Jan. 25, 2024).

of an 'oversight' by his lawyer is insufficient: a lawyer's negligence constitutes no 'good cause' for purposes of Rule 4."); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991); *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (citations omitted) ("We have held that [t]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.").

And, making matters worse, this is not the first time Plaintiff's counsel has put the Court in this situation. In *Smith v. United States*, Smith filed a complaint on July 15, 2021. No. 5:21-CV-00237-TES, 2022 WL 1432541, at *1 (M.D. Ga. May 5, 2022). But she did not serve the United States properly until January 27, 2022—196 days late. *Id.* Like this case, Smith's errors were purely negligent. Namely, she initially mailed her service documents to the Northern District of Georgia instead of the Middle District. *Id.* In attempting to fix her mistake, Smith sent the service documents again, but she mailed the documents to the wrong address—this time, to Washington, D.C. *Id.* at *2.

In response to Smith's service woes, the United States filed a motion to dismiss. *Id.* at *1. Because "Plaintiff candidly admit[ed] that she [did] not have good cause," the Court only looked to the other factors to determine if it should extend Smith's time for service under Rule 4(m). *Id.* at *2. Ultimately, the Court exercised its discretion and extended the service deadline, finding that "[Smith] owned up to her mistake, despite her unquestionable awareness of what Rule 4(i) required of her[.]" *Id.*

While the Court may have recently exercised its considerable discretion to save Plaintiff's counsel in *Smith*, that certainly doesn't mean the Court will do so every time.

Plaintiff also seeks relief because "[i]f Plaintiff does not receive additional time, he will suffer irreparable harm as a dismissal of this action would in effect bar any subsequent renewal actions by the Plaintiff due to the running of the statute of limitations, under 28 U.S.C. § 2401(b)." [Doc. 13, p. 4]. The Court is sympathetic to Plaintiff's plight, but the running of the statute of limitations does not require the Court to excuse counsel's failure yet again. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005) ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process under the new rule[.]"); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.").[5] While harsh, it is entirely within the Court's discretion to dismiss a complaint that has not been properly served within 90 days, even if the statute of limitations for the original action has already run, making "the dismissal . . . tantamount to a dismissal with prejudice." *Melton*, 262 F. App'x at 924; *Lepone-Dempsey*, 476 F.3d at 1281–82.

---

[5] *See also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). However, Plaintiff isn't completely without remedy – this dismissal just means he can't collect from the United States.

Serving the United States may be technical and somewhat tedious, but it really isn't that hard. Here, an Assistant United States Attorney called Plaintiff's counsel to basically help get her client properly served and for six weeks, she didn't get a return call. When she did, she heard from a law clerk. The same Assistant United States Attorney wrote a letter explaining exactly how the Federal Rules of Civil Procedure require Plaintiff to serve the United States, and Plaintiff still failed on three more occasions. The failure to timely and properly serve the United States falls squarely and solely at Plaintiff's feet. His numerous attempts to blame others ring hollow and he placed himself in this predicament. The Court will not exercise its discretion to excuse his numerous failures.

<u>CONCLUSION</u>

Based upon the foregoing, the Court **GRANTS** the United States' Motion to Dismiss [Doc. 11] and **DISMISSES** Plaintiff's action for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The Court **DENIES** Plaintiff's Motion to Extend Time to Serve Defendants [Doc. 13] **as moot**.

**SO ORDERED**, this 30th day of August, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**